## TEMPLETON v. WOLLENS.

(Circuit Court of Appeals, Second Circuit.   November 11, 1912.)

### No. 58.

BANKRUPTCY (§ 165*)—COMPROMISE—PAYMENT—PREFERENCE.

Where, pursuant to a contemplated compromise settlement of a bankrupt's debts, defendant, a judgment creditor, was paid the stipulated amount to obtain a discharge of his lien, and he received the same in good faith, and it appeared that the settlement would have been completed, except for the fact that the bankrupt became insane, whereupon the settlement was abandoned, the payment so received was not recoverable as a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

In Error to the District Court of the United States for the Western District of New York; John R. Hazel, Judge.

Action by Richard S. Templeton, as trustee in bankruptcy for Frank J. Kehler, against Moses Wollens, to recover a payment made to the defendant in accordance with a proposed compromise as an alleged preference. Judgment for defendant, and plaintiff brings error. Affirmed.

Writ of error to review a judgment of the District Court, Western District of New York, dismissing the complaint in an action brought by a trustee in bankruptcy to recover the amount of an alleged preference.

In December, 1906, Frank J. Kehler was a wholesale live stock dealer in Buffalo. At that time he purchased a large number of cattle, shipped them to Pennsylvania, left the state and refused to pay his creditors, among whom was the defendant. Shortly afterwards Enterline, a Pennsylvania lawyer representing Kehler, came to Buffalo to arrange a settlement with the creditors. He met them and arranged a compromise settlement on a 60 per cent. basis plus some additional expenses and costs. The funds to carry out the settlement were to be obtained by the sale of certain real estate in Buffalo upon which the defendant had a judgment lien and from advancements to be made by Kehler's relatives. The attorney obtained the aid of one Waltz, president of a local bank, to sell this property and to assist in carrying out the settlement. A sale of the property was arranged and shortly thereafter the attorney, who had returned to Pennsylvania, came back with sufficient funds, in addition to the amount expected to be realized from the sale of the real estate, to pay the required percentage. There was delay concerning the title and so he returned taking the funds with him, but instructed Waltz to proceed with the sale, to pay the defendant the stipulated amount and obtain the discharge of his lien, to make certain other payments, and to hold the balance subject to his order. Waltz did as directed and paid the defendant the agreed percentage upon his claim. In the meantime Kehler had become insane and his relatives who had agreed to furnish the money to carry through the settlement, withdrew from such agreement and the settlement was not carried out with other creditors. There was no evidence that either Waltz, who acted in behalf of Kehler, or the defendant at the time of the payment of the stipulated percentage, had any knowledge that there was any change in the situation or that the settlement with the other creditors would not go through. Kehler was subsequently adjudicated a bankrupt and the present suit is to recover the amount paid the defendant on the ground that it constituted a preference in violation of the bankruptcy act.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

200 F.—17

Weimert & Templeton, of Buffalo, N. Y., for plaintiff in error.
E. Rubenstein, of Buffalo, N. Y., for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). Undoubtedly the defendant received a greater percentage than other creditors. But it was a preference only in case he had reasonable cause to believe that one was intended. The amount was paid in pursuance of a compromise settlement. There is nothing to show that the settlement was undertaken otherwise than in perfect good faith or that it would not have been carried out if Kehler had not become insane. There is equally nothing to show. bad faith on the part of the defendant either in entering into the agreement or in receiving the money. It does not appear that when the money was paid either Kehler's representative or the defendant knew that any change in the situation had taken place. Nor do we see that anything occurred to put the defendant upon inquiry or that if he had made inquiries, short of making an investigation in Pennsylvania, anything would have been disclosed. It is unnecessary to go so far in this case as in Smith v. Hewlett Robin Co., 178 Fed. 271, 101 C. C. A. 576, where this court said:

"When an offer of compromise is made the creditors are justified in believing that it is made in good faith to all creditors unless something occurs to put them upon inquiry."

In our opinion the evidence was insufficient to warrant the jury in finding that the defendant had reasonable cause to believe that a preference was intended, and consequently the nonsuit was properly granted and the complaint dismissed.

The judgment of the District Court is affirmed.